UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THE WHITE FAMILY TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TRINITY INDUSTRIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:15-CV-01304-K<br><br><u>CLASS ACTION</u><br><br>Judge Ed Kinkeade |

**RICHARD J. ISOLDE'S BRIEF IN SUPPORT OF OPPOSED MOTION TO INTERVENE TO OPPOSE TRANSFER AND REQUEST CONSOLIDATION PURSUANT TO RULE 42**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...................................................................................1

II. RELEVANT BACKGROUND ....................................................................................3

III. ARGUMENT.................................................................................................................4

    A. ISOLDE'S MOTION TO INTERVENE SHOULD BE GRANTED .....................4

        1. Isolde's Motion to Intervene Should be Granted as a Matter of Right Pursuant to Rule 24(a)(2)...................................................................5

            a. Isolde's Motion is Timely............................................................5

            b. Isolde is Directly and Substantially Interested in this Litigation......................................................................................6

            c. Isolde's Interests are Not Adequately Represented by Current Parties to the Action...........................................................7

        2. Alternatively, the Court Should Permit Isolde to Intervene Pursuant to Rule 24(b)(1)(B) ......................................................................7

    B. NEMKY'S MOTION TO INTERVENE TO TRANSFER SHOULD BE DENIED..................................................................................................................8

        1. Nemky's Motion to Intervene Should be Denied .......................................8

        2. Nemky's Motion to Transfer Should be Denied.........................................9

    C. THE *TRINITY* ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT .......................................................................................................12

IV. CONCLUSION............................................................................................................13

## TABLE OF AUTHORITIES

Page

**CASES**

*Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.*,
 117 F. Supp. 2d 515 (E.D. Va. 2000) ..................................................................................8

*Brumfield v. Dodd*,
 749 F.3d 339 (5th Cir. 2014) ...............................................................................................5

*Cadle Co. v. Whataburger of Alice*,
 174 F.3d 599 (5th Cir. 1999) ...........................................................................2, 9, 10, 12

*Commonwealth Edison Co. v. Train*,
 71 F.R.D. 391 (N.D. Ill. 1976) .........................................................................................1, 8

*First Mercury Ins. Co. v. Rosenboom Welding & Fabrication, L.L.C.*,
 No. 3:12-cv-4374, 2013 U.S. Dist. LEXIS 127905
 (N.D. Tex. Sept. 9, 2013) ....................................................................................................8

*Hancock v. Chi. Title. Ins. Co.*,
 No. 3:07-CV-1441-D, 2008 U.S. Dist. LEXIS 72718
 (N.D. Tex. Sept. 23, 2008) ..................................................................................................6

*In re Lease Oil Antitrust Litig.*,
 570 F.3d 244 (5th Cir. 2009) ...............................................................................................5

*In re Volkswagen of Am., Inc.*,
 545 F.3d 304 (5th Cir. 2008) .............................................................................................10

*Mann Mfg., Inc. v. Hortex, Inc.*,
 439 F.2d 403 (5th Cir. 1971) ...............................................................................................2

*Recht v. MGM Studio, Inc.*,
 No. 08-cv-250-slc, 2008 U.S. Dist. LEXIS 76469
 (W.D. Wis. Sept. 29, 2008) ............................................................................................8, 9

*Save Power v. Syntek Fin. Corp.*,
 121 F.3d 947 (5th Cir. 1997) ..........................................................................2, 6, 9, 10

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
 §78j ..................................................................................................................................4, 8
 §78t(a) .............................................................................................................................4, 8
 §78u-4(a)(3)(B)(ii) ............................................................................................................12

**Page**

28 U.S.C.
 §1404(a) ....................................................................................................2, 8, 10, 11

Federal Rules of Civil Procedure
 Rule 23 ..................................................................................................................11
 Rule 24 ............................................................................................................1, 3, 5
 Rule 24(a)(2) .......................................................................................................4, 5
 Rule 24(b)(1)(B) ..................................................................................................4, 7
 Rule 24(b)(3) ...........................................................................................................7
 Rule 42 ............................................................................................................1, 12
 Rule 42(a) .............................................................................................................12

Local Civil Rules of the Northern District of Texas
 Rule 7.1(e) ...............................................................................................................5

**SECONDARY AUTHORITIES**

7C Wright, Miller & Kane, *Federal Practice and Procedure* §1918 (3d ed. 2008) ....................1, 8

6 James W. Moore, *et al. Moore's Federal Practice* §24.03[1][a] (3d ed. 2008) ...........................5

Richard J. Isolde ("Isolde") respectfully moves to intervene under Rule 24 of the Federal Rules of Civil Procedure to oppose the motion (Dkt. No. 25) (the "Nemky Motion") filed by non-party Thomas Nemky ("Nemky") to intervene and transfer the above-captioned matter (the "*White Family Trust* Action" or the "present action") to the Eastern District of Texas, and request consolidation of all overlapping actions into this Court pursuant to Rule 42 of the Federal Rules of Civil Procedure.[1]

## I. PRELIMINARY STATEMENT

Nemky seeks to intervene in this action for the sole purpose of transferring an ***earlier-filed*** federal securities class action pending in this Court – in the District where all defendants reside and most, if not all, evidence is likely to be located – to the Eastern District of Texas, where his own ***later-filed*** class action (the "*Nemky* Action") is pending. Nemky's attempt to forum shop is improper and should be denied for several reasons.

First, as noted by defendants, a non-party ***cannot*** intervene into an action for the sole purpose of challenging venue. *See Commonwealth Edison Co. v. Train*, 71 F.R.D. 391, 394 (N.D. Ill. 1976) ("When a party seeks to enter pending litigation as an intervenor, he enters the litigation subject to the venue which already exists."); 7C Wright, Miller & Kane, *Federal Practice and Procedure* §1918 (3d ed. 2008) ("The intervenor ***cannot question venue***. By voluntarily entering the action the intervenor has waived the privilege not to be required to engage in litigation in that forum." ); *see*

---

[1] As noted in the Nemky Motion, at the time of that motion, there were three class actions on file in Texas alleging substantially similar claims against defendants Trinity Industries, Inc. ("Trinity"), Timothy R. Wallace, and James E. Perry (collectively, "defendants"). Those actions were the *White Family Trust* Action, *Panes v. Trinity Industries, Inc., et al.*, No. 3:15-cv-01316 (N.D. Tex.) (the "*Panes* Action") (Godbey, J.) and the *Nemky* Action. On June 19, 2015, Isolde filed a separate class action asserting substantially similar claims against defendants – *Isolde v. Trinity Industries, Inc., et al.*, No. 3:15-cv-02093 (N.D. Tex.) (Kinkeade, J.) (the "*Isolde* Action") (collectively with the present action and the *Panes* Action, the "Northern District Actions") – which was assigned to your Honor. Isolde's motion to consolidate concerns the Northern District Actions and the *Nemky* Action (collectively, the "*Trinity* Actions"), as further set forth *infra*.

*also* Dkt. No. 27 at 4-5.[2]  Accordingly, Nemky's motion to intervene should be denied, rendering his motion to transfer moot.[3]

Second, even if Nemky is allowed to intervene, his motion to transfer an *earlier-filed* class action pending in this Court to the district where his own *later-filed* class action is pending is contrary to binding Fifth Circuit authority, which holds that overlapping cases are "'***required*** to be consolidated in . . . the jurisdiction *first seized* of the issues.'" *Save Power v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 n.6 (5th Cir. 1971) and vacating Judge McBryde's order denying transfer to the Northern District of Texas); *see also Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 606 (5th Cir. 1999) ("'the Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed'").[4] The Nemky Motion completely ignores this settled rule of law, and offers no explanation why it should not control here.  *See* Nemky Motion at 13-17.

Third, Nemky's attempt to justify his motion to transfer by relying on discretionary *forum non-conveniens* under 28 U.S.C. §1404(a) is unavailing.  *See id.*  Contrary to Nemky's misguided assertions, there are no meaningful efficiencies to be gained by transferring the Northern District Actions to the Eastern District of Texas.  To the contrary, as further set forth *infra*, judicial efficiency will be best served by consolidating the *Trinity* Actions before this Court, in the District

---

[2]  Unless otherwise noted, all emphasis is added and citations are omitted.

[3]  By contrast, Isolde's motion to intervene – which does ***not*** seek to challenge this Court's venue, but rather, only seeks to oppose Nemky's improper attempt to do so and ensure that this litigation proceeds in its proper forum – should be granted, for the reasons set forth *infra*.

[4]  *Id.* at 603 ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *see also* Dkt. No. 27 at 5-10.

where: all defendants reside; most, if not all, operative facts arose; most, if not all, likely witnesses reside or work; and most, if not all, potentially relevant documents and other evidence are located.

In light of the foregoing, Isolde's motion to intervene should be granted to allow Isolde to protect the interests of putative class members in the *Trinity* Actions. Unlike Nemky, Isolde's motion to intervene is proper because Isolde is ***not*** seeking to intervene for the purpose of ***challenging*** this Court's venue. Instead, Isolde is seeking to intervene for the limited purposes of opposing Nemky's improper attempt to transfer and to ensure that the *Trinity* Actions are litigated in their proper forum – this Court – consistent with established Fifth Circuit precedent and traditional notions of judicial efficiency. As further set forth *infra*, Isolde's legitimate interests in doing so warrant the granting of his motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## II. RELEVANT BACKGROUND

Trinity is a manufacturer of transportation, construction and industrial products that is headquartered in this District at 2525 Stemmons Freeway, Dallas, Texas.[5] In addition to producing and/or leasing tank and freight railcars, inland hopper and tank barges, and ready-mix concrete, Trinity also produces highway guardrail and safety products. Trinity's common stock trades on the New York Stock Exchange under the ticker symbol "TRN."

The present action was filed on April 27, 2015 in the Northern District of Texas against Trinity, its CEO, Chairman and President Timothy R. Wallace, and its CFO and Senior Vice-President James E. Perry. Dkt. No. 1 at 2. On April 28, 2015, the *Panes* Action was filed, also in the Northern District of Texas.[6] Two weeks later, on May 15, 2015, the *Nemky* Action was filed in

---

[5] The individual defendants named in each of the *Trinity* Actions – Wallace and Perry – also both reside in this District.

[6] On June 18, 2015, plaintiff in the *Panes* Action filed a Notice of Voluntary Dismissal Without Prejudice. *See Panes* Action Dkt. No. 14.

the Eastern District of Texas. On June 19, 2015, the *Isolde* Action was filed, and assigned to this Court. All four of the *Trinity* Actions involve identical defendants and largely identical allegations that defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by making materially false and misleading statements and omissions to investors between February 2012 and April 2015, thereby artificially inflating the price of Trinity securities. The conduct giving rise to the claims in all of the *Trinity* Actions concerns the safety and business prospects of Trinity's highway guardrail ET-Plus system.

On June 3, 2015, Thomas Nemky, plaintiff in the *Nemky* Action, filed a motion to intervene in the present action for the purpose of transferring the earlier-filed *White Family Trust* Action to the Eastern District of Texas so that it may be consolidated with Nemky's later-filed action. Dkt. No. 25. Plaintiff White Family Trust has certified that it will not object to the Nemky Motion. *Id.* at 20. On June 12, 2015, defendants filed a Response in Opposition to Non-Party's Motion to Intervene to Transfer to the Eastern District of Texas. Dkt. No. 27. In their Motion, defendants object to Nemky's motion to the extent that he intervenes solely to transfer the action to another venue. *Id.* at 4.

## III.   ARGUMENT

### A.   ISOLDE'S MOTION TO INTERVENE SHOULD BE GRANTED

Isolde now moves to intervene in the present action pursuant to Rule 24(a)(2) as a matter of right – or, alternatively, by permission of the Court pursuant to Rule 24(b)(1)(B) – for the limited purposes of preventing the present action from being improperly transferred to the Eastern District of Texas and ensuring that all *Trinity* Actions are litigated in their proper forum, this Court. Not only does the Nemky Motion seek to evade the Fifth Circuit's well-established "first-to-file" rule, Nemky's motion to intervene is improper in the first instance, as further set forth *infra*. In order to protect and advance the interests of the putative class, and because Isolde satisfies the requirements

for both intervention as a matter of right and permissive intervention, Isolde's motion to intervene should be granted.

### 1. Isolde's Motion to Intervene Should be Granted as a Matter of Right Pursuant to Rule 24(a)(2)

Under Rule 24(a)(2), any movant shall be permitted to intervene in an action who: (1) files a timely motion to do so; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest; and (4) shows that no existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 277 (5th Cir. 2009). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (citing 6 James W. Moore, *et al. Moore's Federal Practice* §24.03[1][a] (3d ed. 2008)). As set forth below, Isolde's motion satisfies all of the above criteria, and should therefore be granted.

#### a. Isolde's Motion is Timely

In considering the timeliness of a motion to intervene, the Fifth Circuit examines four factors: "(1) the length of time between the would-be intervenor's learning of his interest and his position to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances." *Lease Oil*, 570 F.3d 244 at 247-48. A brief analysis of these four factors demonstrates that Isolde's motion is undoubtedly timely.

First, Isolde moves to intervene just *two weeks* after non-party Thomas Nemky filed his motion to intervene and transfer the action to the Eastern District of Texas, and *within days* after Isolde filed his own complaint. *See* Dkt. No. 25 (filed June 03, 2015); *Isolde* Action Dkt. No. 1.

Second, because Isolde's motion was filed promptly after the Nemky Motion – and prior to the deadline for filing oppositions to such motion pursuant to Local Rule 7.1(e) – there will be no

prejudice to the existing parties by allowing Isolde to intervene. Aside from the complaint, no substantive pleadings have been filed in the present action, and the application period for seeking appointment as lead plaintiff pursuant to the Private Securities Reform Act of 1995 ("PSLRA") does not close until June 29, 2015.

Finally, Isolde will suffer significant prejudice if his motion to intervene is denied. As a putative class member in the *Trinity* Actions, Isolde has a direct interest in the effective and efficient litigation of the claims alleged therein, in accordance with the provisions of the PSLRA and Fifth Circuit law. This interest will not be protected if, contrary to the Fifth Circuit's clear "first-to-file" rule, the *Trinity* Actions are transferred to the Eastern District of Texas. *See Save Power*, 121 F.3d at 950 (cases required to be consolidated in "'the jurisdiction first seized of the issues'"); *Hancock v. Chi. Title. Ins. Co.*, No. 3:07-CV-1441-D, 2008 U.S. Dist. LEXIS 72718, at *10-*11 n.4 (N.D. Tex. Sept. 23, 2008) (noting that the "first-filed" rule "'rests on principles of comity and sound judicial administration . . . [and serves] to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result'").

     **b. Isolde is Directly and Substantially Interested in this Litigation**

Isolde is a member of the putative class in the present action and has suffered significant economic loss due to defendants' fraudulent conduct. Such damages give Isolde a strong interest in litigating this action to the best of his ability. Accordingly, Isolde shares Nemky's purported interest in ensuring that the *Trinity* Actions are consolidated and overseen by a lead plaintiff approved in accordance with the PSLRA. Unlike Nemky, however, Isolde also has an interest in ensuring that the litigation is conducted in the proper venue pursuant to Fifth Circuit precedent – the Northern District of Texas – which is also the venue where: all defendants reside; most, if not all, operative

facts occurred; most, if not all, likely witnesses reside or work; and most, if not all, potentially relevant documents and other evidence are located.

### c. Isolde's Interests are Not Adequately Represented by Current Parties to the Action

It is clear that, as of the time of filing, Isolde's interests are not being adequately represented by any party in the present action. As stated in the Nemky Motion, no party in the *White Family Trust* Action has yet taken affirmative action to consolidate the *Trinity* Actions. Moreover, the White Family Trust has indicated it will **not** oppose the Nemky Motion to transfer, and thus far no other putative class member has stepped forward to ensure that the action is heard in the Northern District of Texas. *See* Dkt. 25 at 20. Absent Isolde's intervention, he and other members of the putative class will have no advocate for their claims being heard in the proper district where they were first filed and where the litigation can be most efficiently adjudicated.

### 2. Alternatively, the Court Should Permit Isolde to Intervene Pursuant to Rule 24(b)(1)(B)

Even if the Court finds that Isolde is not eligible to intervene as a matter of right, Isolde's motion should nonetheless be granted pursuant to Rule 24(b)(1)(B). Rule 24(b)(1)(B) affords the Court broad discretion to allow a movant to intervene where: (1) timely application is made by the intervenor; (2) the intervenor's claim or defense shares with the main action a common question of law or fact; and (3) allowing the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(1)(B); Fed. R. Civ. P. 24(b)(3). Isolde satisfies each of these requirements.

First, as described above, Isolde's motion to intervene comes only two weeks after the Nemky Motion and within days that its own complaint was filed with this Court. The timeliness of Isolde's motion is indisputable.

Second, the *Isolde* Action contains nearly identical questions of law and fact as those at issue in the present action. Both complaints involve alleged violations §§10(b) and 20(a) of the Exchange Act, by the same defendants, arising from the same series of materially false and misleading statements to investors regarding the same underlying conduct during virtually identical class periods. *Compare Isolde* Action Dkt. No. 1 *with* Dkt. No. 1.

Lastly, permitting Isolde to intervene in the present action will in no way prejudice the rights of the original parties. No lead plaintiff has been appointed, no substantive issues have yet been decided, the time for opposing the Nemky Motion has not yet passed, and there is no indication that Isolde's intervention would otherwise unduly delay or complicate the litigation of the parties' claims. *See, e.g.*, *First Mercury Ins. Co. v. Rosenboom Welding & Fabrication, L.L.C.*, No. 3:12-cv-4374, 2013 U.S. Dist. LEXIS 127905 (N.D. Tex. Sept. 9, 2013). Simply put, there is no reason that Isolde should not be permitted to intervene in this action.

### B. NEMKY'S MOTION TO INTERVENE TO TRANSFER SHOULD BE DENIED

#### 1. Nemky's Motion to Intervene Should be Denied

As noted *supra*, Nemky's attempt to intervene for the sole purpose of **challenging** venue in improper. *See Commonwealth*, 71 F.R.D. at 394 ("When a party seeks to enter pending litigation as an intervenor, he enters the litigation subject to the venue which already exists."); *Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.*, 117 F. Supp. 2d 515, 517-18 (E.D. Va. 2000) (finding that intervenor did not have authority to question venue under 28 U.S.C. § 1404(a)); *Recht v. MGM Studio, Inc.*, No. 08-cv-250-slc, 2008 U.S. Dist. LEXIS 76469, at *5 (W.D. Wis. Sept. 29, 2008) ("Even if she were allowed to intervene, [movant] would have no standing to question the venue in this case.").[7]

---

[7] *See also* 7C Wright, Miller & Kane, *Federal Practice and Procedure* §1918 (3d ed. 2008) ("The intervenor **cannot question venue**. By voluntarily entering the action the intervenor has waived the privilege not to be required to engage in litigation in that forum."); Dkt. No. 27 at 4-5.

Moreover, Nemky's asserted basis for seeking to intervene is unavailing. *See* Dkt. No. 25 at 4. Nemky's principal argument is that, absent his intervention, "significant risks exist that the three actions will proceed independently." *Id*. at 11. The Nemky Motion, however, offers no explanation as to why this risk cannot – and should not – be mitigated by consolidating all of the *Trinity* Actions in front of ***this Court*** where the first of the actions was filed. Indeed, that is precisely what should happen – not only because Fifth Circuit precedent dictates that the litigation should proceed where it was "first filed," but also because the relevant people, actions, and evidence all occurred and/or are currently located here.

### 2. Nemky's Motion to Transfer Should be Denied

Even if Nemky is allowed to intervene, his motion to transfer the ***earlier-filed*** present action out of this District – where all defendants reside and most, if not all, evidence is likely to be locate – to the district where his own ***later-filed*** class action is pending should be denied.

First, as argued by defendants, Nemky's motion to transfer is contrary to binding Fifth Circuit authority, which holds that overlapping cases are "'***required*** to be consolidated in . . . the jurisdiction ***first seized*** of the issues.'" *Save Power*, 121 F.3d at 950; *see also Cadle Co.*, 174 F.3d at 606 ("'the Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed'"); Dkt. No. 27 at 5-10.

*Save Power* is instructive on the issues currently before this Court. In *Save Power*, the Fifth Circuit vacated the order of Judge McBryde, which denied transfer of a later-filed case to the court of first-filing based on the same basic argument Nemky advances here. 121 F.3d at 950. Specifically, Judge McBryde's order denying transfer was based on his purported "familiarity with the case as a result of studying the record in connection with [defendant's] motion for partial summary judgment" – the same general basis that Nemky argues warrants transfer to a later-filed

- 9 -

court here.  *Compare id*. at 949 *with* Dkt. No. 25 at 13-16.  In vacating Judge McBryde's order, the Fifth Circuit held: "'Regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be *required* to be *consolidated* in . . . the jurisdiction *first seized* of the issues.'"  *Id*. at 950.[8]  Here, the "'jurisdiction first seized of the issues'" is this Court, not the Eastern District of Texas.  *Id*.

Moreover, Nemky's attempt to justify his motion to transfer by relying on discretionary *forum non-conveniens* under 28 U.S.C. §1404(a) fails, as he offers no compelling reason why the Eastern District of Texas is a more favorable – or "convenien[t]" – forum for this litigation to proceed.  *See* Dkt. No. 25 at 13-17.  Nemky argues that three separate factors – where the action "might have been brought," the level of deference afforded plaintiff's "choice of forum," and the public and private interest factors set forth in *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) – support his motion to transfer.  *Id.*  In reality, however, *none* of these factors support transferring the present action – or any of the *Trinity* Actions – to the Eastern District of Texas.

As an initial matter, the first two factors offer just as much support, if not more, for a transfer of the Nemky *Action* to this Court than they do for a transfer of the present action to the Eastern District.  *See* Dkt. No. 25 at 14.  Specifically, the *Nemky* Action certainly "might have been brought" in this Court given defendants' residence in Dallas, and Nemky's "choice of forum" should be entitled to no deference, as neither he nor his lead counsel reside in the Eastern District of Texas.  *Id.*

Moreover, the private and public interest factors cited by Nemky also fail to support the relief he seeks here.  *See id.* at 14-17.  Nemky's primary argument in this regard is that efficiencies can be achieved by transferring the *Trinity* Actions to Judge Gilstrap in the Eastern District, given Judge Gilstrap's oversight of a separate whistleblower action against Trinity – *United States ex rel.*

---

[8]  *See also Cadle Co.*, 174 F.3d at 606 ("once the [later-filed] court found that the issues might substantially overlap, the proper course of action was for the [later-filed] court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed").

*Harman v. Trinity Industries, Inc.*, No. 2:12-cv-00089 (the "*Harman* Action") – which was tried to a jury verdict last year and involved different claims and legal issues than those raised by the *Trinity* Actions. As noted by Nemky and the defendants, the *Harman* Action – unlike the *Trinity* Actions – was not a class action, and it did not involve any securities claims asserted on behalf of investors. In addition, all of the *Trinity* Action plaintiffs have requested that their claims be decided by a jury of their peers, ***not*** a judge. As such, any insight Judge Gilstrap gained from his oversight of the *Harman* Action would be of minimal value to the litigation of the *Trinity* Actions.

Indeed, according to Nemky, the ***sole*** overlapping issue between the *Trinity* Actions and the *Harman* Action is whether Trinity knowingly "made false and misleading representations and omissions regarding the design and testing of the ET-Plus System." Dkt. No. 25 at 6-7. As Nemky notes, however, that issue was already decided by a jury in the *Harman* Action, which makes it unlikely to be a highly contentious issue in the *Trinity* Actions. Instead, the real issues that will likely be the focus of the *Trinity* Actions are: (1) whether class certification is appropriate pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (2) whether and to what extent Trinity's material misrepresentations caused members of the class to suffer economic losses. ***Neither*** of these issues were at all implicated by the *Harman* Action – and thus, Judge Gilstrap is no better positioned than this Court to reside over the present action.

Moreover, contrary to Nemky's contentions, the "convenience of parties and witnesses" strongly favors the Northern District of Texas, ***not*** the Eastern District of Texas. *See* 28 U.S.C. §1404(a). Indeed, as noted *supra*, ***all*** significant contacts associated with the *Trinity* Actions are located in this district. Specifically, according to defendants: (1) all defendants reside here; (2) all operative facts regarding defendants' fraudulent disclosures occurred here; (3) a majority of, if not all, likely witnesses reside and/or work here; and (4) a majority of, if not all, potentially relevant

documents and other evidence are located primarily in or near here. *See* Dkt. 27 at 9. As such, this District is the most convenient and efficient forum in which to litigate the *Trinity* Actions.

### C. THE *TRINITY* ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT

For the reasons set forth *supra*, Fifth Circuit precedent and traditional notions of judicial economy dictate that the *Trinity* Actions should proceed in this District – and more specifically, this Court. Accordingly, Isolde respectfully moves this Court to order that all *Trinity* Actions be transferred and/or consolidated herein pursuant to the Fifth Circuit's "first-to-file rule," the PSLRA and Rule 42 of the Federal Rules of Civil Procedure.

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The PSLRA also mandates that, whenever there are multiple securities class actions asserting "substantially the same claim or claims," such actions are to be promptly consolidated at the inception of the cases – even prior to the appointment of any lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii) ("the court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered"). Here, there is no dispute that all *Trinity* Actions involve substantially the same claims and not only one, but several, common questions of law or fact. Moreover, pursuant to the Fifth Circuit's "first-to-file rule," all *Trinity* Actions are effectively, if not directly, before the Court. *See Cadle Co.*, 174 F.3d at 606 ("'The "first to file rule" not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or **transferred and consolidated**.'"). Thus, consolidation is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Isolde respectfully requests that the Court grant his motion to intervene, deny the Nemky Motion, and order that all *Trinity* Actions be consolidated with the present action.

DATED: June 22, 2015

Respectfully submitted,

THE LAW OFFICE OF BALON B. BRADLEY
BALON B. BRADLEY, Bar No. 02821700


s/ BALON B. BRADLEY
BALON B. BRADLEY

5473 Blair Road, Suite 100
Dallas, TX  75231
Telephone:  972/991-1582
972/755-0424 (fax)
balon@bbradleylaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
DAVID C. WALTON
NATHAN R. LINDELL
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

JOHNSON & WEAVER, LLP
FRANK J. JOHNSON
600 West Broadway, Suite 1540
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)

Attorneys for Plaintiff Richard J. Isolde